**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3044
_____

MARGARET GOODE; NICOLE MANN; DOLORES EVERETTE;
JESSICA DEQUITO; THERESA ATWATER;
JACQUELINE BALLINGER; RENA PIERCE

v.

CAMDEN CITY SCHOOL DISTRICT; PAYMON ROUHANIFARD;
KEITH MILES; HYE-WON GEHRING; GLORIA MARTINEZ-VEGA;
LAURA BOYCE; CAMERON BAYNES;
GENEVIEVE BYRD-ROBINSON

Margaret Goode; Nicole Mann; Estate of Jessica DeQuito;
Theresa Atwater; Jacqueline Ballinger,
                                                            Appellants
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-16-cv-03936)
District Judge: Honorable Robert B. Kugler
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on
September 19, 2023


Before: RESTREPO, McKEE, and RENDELL, *Circuit Judges*

(Opinion filed: January 10, 2024

_____

OPINION[*]

_____

McKEE, *Circuit Judge*.

The Plaintiffs are formerly tenured teachers in Camden City School District who allege that the School District sought to unlawfully terminate their employment on account of their age. They ultimately resigned after poor performance evaluations and then filed this suit alleging age-discrimination and unlawful retaliation. They now appeal the District Court's grant of partial summary judgment for Defendants.

Because we agree with the District Court, we will affirm.[1]

## I.

Summary judgment should be awarded when the moving party demonstrates that there is no genuine issue of material fact, and the record evidence demonstrates that the moving party is entitled to judgment as a matter of law.[2] A factual issue is genuine if a reasonable jury could return a verdict for the nonmovant, and it is material if it would affect the outcome of the lawsuit.[3] Given that fact and credibility determinations are the

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's decision to grant summary judgment. *See Burton v. Teleflex Inc.*, 707 F.3d 417, 424–25 (3d Cir. 2013).

[2] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

province of the fact-finder, all evidence at the summary judgment phase is to be construed in the light most favorable to the non-moving party.[4]

## II.[5]

## A.

New Jersey's Law Against Discrimination ("LAD") makes it illegal "to discharge or require to retire . . . from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment" on the basis of age.[6] A plaintiff may prove her age-discrimination claim by circumstantial evidence, to which the Supreme Court's familiar burden shifting *McDonnell Douglas* test applies.[7] A prima facie case under the LAD for unlawful termination based on age requires a plaintiff to establish that she: (i) belongs to a protected class, i.e. over the age of forty (ii) was qualified for the position held, (iii) suffered an adverse employment action, and (iv) was replaced by someone sufficiently younger to permit an inference of age discrimination.[8] The District Court dismissed Plaintiffs' LAD age-discrimination claims against Hye won Gehring for failure to marshal evidence that they suffered adverse employment actions.

---

[4] *Id.* at 255.

[5] The facts which give rise to this case, and are relevant on appeal, are largely undisputed and familiar to the parties. Accordingly, no factual recitation is necessary for this non-precedential opinion.

[6] N.J. Stat. Ann. § 10:5-12(a).

[7] *Bergen Com. Bank v. Sisler*, 157 N.J. 188, 209 (1999).

[8] *Monaco v. Am. Gen. Assur. Co.*, 359 F.3d 296, 300–01 (3d Cir. 2004); *but see Sisler*, 157 N.J. 188, 213–16 (explaining that a wrongful discharge case on account of youth is conceptually possible under the LAD).

Plaintiffs assert that the District Court committed two errors: not considering the precedents of other Courts of Appeals and not accounting for the totality of the circumstances in this case. However, the District Court properly relied upon our decision in *Jones v. Southeastern Pennsylvania Transportation Authority*[9] in rejecting the Plaintiffs' adverse employment action. Further, although New Jersey's LAD is analogous to federal employment discrimination laws, it is still a New Jersey statute. Therefore, the District Court correctly relied upon the New Jersey Supreme Court's decision in *Shepherd v. Hunterdon Developmental Center*[10] in rejecting the adverse employment action claims, and we too find the Plaintiffs' adverse employment actions unpersuasive.

An adverse employment action is "an action by an employer that is serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment."[11] Paradigmatic examples include "hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."[12]

Plaintiffs argue that once they received two consecutive years of poor performance evaluations it was only a matter of time before they would have been terminated. But receiving consecutive poor performance evaluations does not automatically result in

---

[9] 796 F.3d 323 (3d Cir. 2015).

[10] 803 A.2d 611, 626 (N.J. 2002).

[11] *Jones v. Southeastern Pa. Transp. Auth.*, 796 F.3d 323, 326 (3d Cir. 2015) (quoting *Storey v. Burns Int'l Sec. Servs.*, 390 F.3d 760, 764 (3d Cir. 2004)).

[12] *Burlington Industries, Inc. v. Ellerth,* 524 U.S. 742, 761 (1998).

termination under New Jersey law,[13] and Plaintiffs have presented no evidence from which a fact finder could conclude that their termination was nonetheless certain. They further argue that Goode suffered an adverse employment action because Gehring's intervention in her second-year evaluation resulted in her achieving a less than effective performance evaluation when she otherwise would have been rated as effective. However, even if Gehring did so intervene, it is of no consequence because a negative performance review is not itself an adverse employment action under the LAD.[14] Had Plaintiffs been terminated they would likely be able to show that their negative performance reviews resulted in financial harm—i.e., an adverse employment action.[15] But as the District Court so cogently stated, "no plaintiff was actually dismissed due to the tenure charges, as they all chose to resign rather than face them. And unfortunately for Plaintiffs, that choice makes all the difference."[16]

---

[13] Under the Teacher Effectiveness and Accountability for the Children of New Jersey ("TEACHNJ") Act, N.J. Stat Ann. 18A:6-117 et seq., district superintendents are required to forward a tenure charge of inefficiency to the Commissioner of Education if a teacher consecutively receives annual summative ratings that fail to meet certain effectiveness thresholds. *See* N.J. Stat. Ann. § 18A:6-17.3a.(1)-(2). Unless the board of education "determines that the evaluation process has not been followed" the written charges are forwarded to the Commissioner of Education, *id.* at § 18A:6-17.3b., who—after allowing the charged teacher a chance to respond and concluding that the evaluation process has been followed—refers or appoints an arbitrator to hear the case, *id.* at § 18A:6-17.3c.

[14] *Shepherd*, 803 A.2d at 626 (explaining that "without more, an employer's filing of a disciplinary action cannot form the basis of a LAD complaint").

[15] *See e.g.*, *Baloch v. Kempthorne*, 550 F.3d 1191, 1199 (D.C. Cir. 2008) (explaining that "performance reviews typically constitute adverse actions only when attached to financial harms"); *Smart v. Ball State Univ.*, 89 F.3d 437, 442 (7th Cir. 1996).

[16] *Goode v. Camden City Sch. Dist.*, No. CV 16-03936 (RBK/JS), 2019 WL 6243156, at *16 (D.N.J. Nov. 22, 2019).

**B.**

To establish a prima facie First Amendment retaliation claim a plaintiff must demonstrate that she engaged in activity that is protected under the First Amendment.[17] A public employee's speech is due First Amendment protection if she "speak[s] as a citizen (and not as an employee)," the speech "'involve[s] a matter of public concern,' and 'the government . . . lack[s] an adequate justification for treating the employee differently than the general public based on its needs as an employer under the *Pickering* balancing test.'"[18] To involve a matter of public concern, speech must relate to "a subject of general interest and of value and concern to the public," whether it is a "matter of political, social or other concern to the community" or "a subject of legitimate news interest."[19]

The District Court determined that Goode had not commented on a matter of public concern and therefore had no First Amendment claim. Plaintiffs argue that Goode's petition against Gehring—filed with the New Jersey Department of Education—sufficiently touches on a matter of public concern because she stated that he made "biased" observations about her, which is tantamount to an allegation of unlawful discrimination.[20] Plaintiffs do not argue, and indeed Goode's petition did not include, any

---

[17] *Dondero v. Lower Milford Twp.*, 5 F.4th 355, 361 (3d Cir. 2021).
[18] *Munroe v. Central Bucks Sch. Dist.*, 805 F.3d 454, 466 (3d Cir. 2015) (quoting *Dougherty v. Sch. Dist. of Philadelphia*, 772 F.3d 979, 987 (3d Cir. 2014)); *see also Pickering v. Board of Education,* 391 U.S. 563, 568 (1968) (requiring courts to "balance . . . the interests of the [employee], as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees").
[19] *Lane v. Franks*, 573 U.S. 228, 241 (2014).
[20] Appellant Brief at 20–21.

allegation that Gehring was biased against her because of her age or because of any other protected status. Given that Goode only raised Gehring's general bias against her, the petition amounts to no more than a "mundane employment grievance[]"[21] that is not protected by the First Amendment. Consequently, Goode's First Amendment claim was properly dismissed.

## C.

New Jersey's Conscientious Employee Protection Act ("CEPA")[22] is intended to "protect and encourage employees to report illegal or unethical workplace activities[,]" by "ensur[ing] that employees are 'protected from retaliation and employers are deterred from activities that are illegal or fraudulent, or otherwise contrary to a clear mandate of public policy.'"[23] To establish a prima facie CEPA action, a plaintiff must demonstrate that: (i) she reasonably believed that her employer's conduct was violating either a law or a clear mandate of public policy; (ii) she performed a "whistle-blowing" activity described in N.J. Stat. Ann. § 34:19–3(c); (iii) an adverse employment action was taken against her; and (iv) a causal connection exists between the whistle-blowing activity and the adverse employment action.[24]

The District Court dismissed Goode's CEPA claim because it concluded that she could not satisfy the second element of a prima facie CEPA claim: establishing that she

---

[21] *Munroe*, 805 F.3d at 467.

[22] N.J. Stat. Ann. § 34:19-1 *et seq*.

[23] *Chiofalo v. State*, 238 N.J. 527, 539–40 (2019) (first quoting *D'Annunzio v. Prudential Ins. Co. of Am.*, 192 N.J. 110, 120 (2007); and then quoting *Dzwonar v. McDevitt*, 177 N.J. 451, 461 (2003)).

[24] *Lippman v. Ethicon, Inc.*, 222 N.J. 362, 380 (2015).

performed a whistleblowing activity. In so concluding, Plaintiffs argue that the District

Court (i) incorrectly reasoned that CEPA does not protect reporting "wholly private

grievances" and requires that the reported activity involve a matter of public concern, and

(ii) improperly identified Goode's asserted whistle blowing activity. Plaintiffs' arguments

contain an irreconcilable contradiction. They argue that Goode has a First Amendment

retaliation claim because she reported on a matter of public concern. And on the other

hand, they argue that her CEPA claim survives because that statute does not require that

she reported on a matter of public concern. Goode's CEPA claim was properly dismissed

because CEPA affords her no relief.

While it is true that CEPA "creates a cause of action for an employee who is

subjected to retaliation for reporting workplace misconduct,"[25] protected whistle-blowing

activity does not encompass "[v]ague and conclusory complaints, complaints about trivial

or minor matters, or generalized workplace unhappiness . . . ."[26] As previously discussed,

Goode's petition amounted to no more than an allegation of her supervisor's general bias

against her.

### III.

For the reasons now explained, we will affirm.

---

[25] *Battaglia v. United Parcel Serv., Inc.*, 214 N.J. 518, 555 (2013) (citing *Dzwonar v. McDevitt*, 177 N.J. 451, 461–62 (2003)).

[26] *Id.* at 559; *see also Est. of Roach v. TRW, Inc.*, 164 N.J. 598, 613–14 (2000) ("CEPA is intended to protect those employees whose disclosures fall sensibly within the statute; it is not intended to spawn litigation concerning the most trivial or benign employee complaints.").